IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 3:21 CR 93HTW-LGI |
| LARRY SCOTT DONALD and<br>KEVIN JOSEPH EDWARDS | 18 U.S.C. § 1623<br>18 U.S.C. § 1622<br>18 U.S.C. § 3147 |

**The Grand Jury charges:**

## COUNT 1

1. On or about May 15, 2019, in Hinds County in the Northern Division of the Southern District of Mississippi, the defendant, **LARRY SCOTT DONALD**, while under oath as a witness in a case then being tried before the United States District Court for the said District entitled, *United States v. Kevin Edwards*, No. 3:19-CR-37-HTW-LGI, knowingly did make a false material declaration, that is to say:

2. At the time and place aforesaid, the Court and the parties were engaged in a bond revocation hearing wherein KEVIN EDWARDS, the defendant therein, sought to prevent revocation of his bond, and the United States sought to show KEVIN EDWARDS had violated conditions of release on bond. It was a matter material to said hearing to determine whether or not KEVIN EDWARDS had retained possession of firearms, in violation of conditions of his bond.

3. At the time and place alleged, Defendant **LARRY SCOTT DONALD,** while under oath, knowingly declared before the Court as follows:

"Q: Did you have occasion to get a Marlin .22 rifle from him at any time?

"A: Yes."

4. Also at the time and place alleged, Defendant **LARRY SCOTT DONALD**, while under oath, knowingly declared before the Court as follows:

"Q: And you think you bought it how many years ago?

"A: It's been several years ago, I know that. …. I just remember buying it from him."

5. The aforesaid testimony of **LARRY SCOTT DONALD**, as he then and there well knew and believed, was false in that, on or about 2017, **LARRY SCOTT DONALD** had expressly declined the offer from KEVIN JOSEPH EDWARDS to sell the rifle, and **LARRY SCOTT DONALD** had in fact never bought or owned the rifle, which had remained in the possession of KEVIN JOSEPH EDWARDS through and until April 2019.

All in violation of Title 18, United States Code, Sections 1623 and 2.

## COUNT 2

6. On or about May 15, 2019, in Hinds County in the Northern Division of the Southern District of Mississippi, and elsewhere, the defendant, **KEVIN JOSEPH EDWARDS**, did willfully suborn and procure one LARRY SCOTT DONALD to commit perjury by testifying falsely under oath to a material matter in a case entitled *United States v. Kevin Edwards*, No. 3:19-CR-37-HTW-LGI, in the United States District Court for the Southern District of Mississippi.

7. It was material to said case described in Paragraph 6 to determine whether LARRY SCOTT DONALD had ever purchased a rifle from defendant **KEVIN JOSEPH EDWARDS**.

8. The defendant **KEVIN JOSEPH EDWARDS**, on or about May 15, 2019, willfully suborned and procured LARRY SCOTT DONALD to testify falsely in the proceedings described in Paragraph 6 that LARRY SCOTT DONALD had bought a rifle from defendant **KEVIN JOSEPH EDWARDS**, and on the day of May 15, 2019, the said LARRY SCOTT DONALD

falsely testified under oath in the proceedings that LARRY SCOTT DONALD had bought a rifle from defendant **KEVIN JOSEPH EDWARDS**.

9. The testimony of LARRY SCOTT DONALD as aforesaid was false and perjurious as both LARRY SCOTT DONALD and defendant **KEVIN JOSEPH EDWARDS** well knew.

All in violation of Title 18, United States Code, Sections 1622 and 2.

10. It is further alleged, that defendant **KEVIN JOSEPH EDWARDS** committed these offenses while he was on release pursuant to an order dated February 12, 2019, from the United States District Court for the Southern District of Mississippi, in *United States v. Kevin Edwards*, Case No. 3:19-CR-37-HTW-LGI, which order notified said defendant of the potential effect of committing an offense while on pretrial release.

All in violation of Title 18, United States Code, Section 3147.

## COUNT 3

11. On or about May 15, 2019, in Hinds County in the Northern Division of the Southern District of Mississippi, the defendant, **KEVIN JOSEPH EDWARDS**, while under oath as a witness in a case then being tried before the United States District Court for the said District entitled, *United States v. Kevin Edwards*, No. 3:19-CR-37-HTW-LGI, knowingly did make a false material declaration, that is to say:

12. At the time and place aforesaid, the Court and the parties were engaged in a bond revocation hearing wherein **KEVIN EDWARDS**, the defendant therein, sought to prevent revocation of his bond, and the United States sought to show defendant **KEVIN EDWARDS** had violated conditions of release on bond. It was a matter material to said hearing to determine whether or not defendant **KEVIN EDWARDS** had retained possession of firearms, in violation

of conditions of his bond.

13. At the time and place alleged, Defendant **KEVIN JOSEPH EDWARDS**, while under oath, knowingly declared before the Court as follows:

"Q: "And was it [the Marlin rifle] yours at the time it was stolen from your house?

"A: No.

"Q: Okay. Who –

"A: I sold it.

"Q: Who did it belong to?"

"A: A boy named Scott Donald, Larry Scott Donald."

14. The aforesaid testimony of defendant **KEVIN JOSEPH EDWARDS**, as he then and there well knew and believed, was false in that, on or about 2017, LARRY SCOTT DONALD had expressly declined the offer from defendant **KEVIN JOSEPH EDWARDS** to sell the rifle, and LARRY SCOTT DONALD had in fact never bought or owned the rifle, which had remained in the possession of defendant **KEVIN JOSEPH EDWARDS** through and until April 2019.

All in violation of Title 18, United States Code, Sections 1623 and 2.

15. It is further alleged, that defendant **KEVIN JOSEPH EDWARDS** committed these offenses while he was on release pursuant to an order dated February 12, 2019, from the United States District Court for the Southern District of Mississippi, in *United States v. Kevin*

*Edwards*, Case No. 3:19-CR-37-HTW-LGI, which order notified said defendant of the potential effect of committing an offense while on pretrial release.

All in violation of Title 18, United States Code, Section 3147.

DARREN J. LAMARCA
Acting United States Attorney

A TRUE BILL:

S/SIGNATURE REDACTED

Foreperson of the Grand Jury

This Indictment was returned in open court by the foreperson or deputy foreperson of the Grand Jury on this the 24th day of August 2021.

UNITED STATES MAGISTRATE JUDGE